UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY SCOLNICK and LEAH CROHN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES STORE, INC.,<br><br>Defendant. | Civil Action No. 14-cv-12547-IT |

ORDER

October 14, 2014

TALWANI, D.J.

Before the court is Defendant's Motion to Dismiss [#11], in which Defendant moves the court to dismiss the single cause of action set forth in the complaint because Plaintiffs failed to serve a demand letter on Defendant pursuant to Mass. Gen. Laws ch. 93A, § 9(3). Despite alleging that they had made a pre-suit demand on Defendant pursuant § 9(3), Class Action Compl. ¶ 42, and attaching a demand letter dated April 7, 2014 to their complaint, id. Ex., Plaintiffs acknowledge in their opposition that "The Demand Letter apparently included a typographical error with the wrong recipient name and address" and do not dispute Defendant's assertion that it never received the April 7, 2014 demand letter. Pl.'s Resp. Def. Petco Animal Supplies Store, Inc.'s Mot. Dismiss, 2.[1]

---

[1] As an exhibit to its memorandum in support, Defendant provides a Business Entity Summary from the webpage of the Massachusetts Secretary of State's Corporation Divisions listing the name and address of the registered agent for The Paper Store of Maynard Inc., which matches the name and address on the April 7, 2014 demand letter. Mem. Supp. Def. Petco Animal Supplies Store, Inc.'s Mot. Dismiss, Ex. A(2).

Section 9(3)'s requirements are a prerequisite to filing an action under Chapter 93A. See, e.g., Entrialgo v. Twin City Dodge, Inc., 333 N.E.2d 202, 204 (Mass. 1975). As such, Plaintiffs' failure to provide Defendant with the pre-suit notice required by § 9(3) "is fatal on a motion to dismiss." McMahon v. Digital Equip. Corp., 944 F. Supp. 70, 77 (D. Mass. 1996).[2] Nevertheless, "[a] failure to allege compliance with the statutory notice requirement is not necessarily a death knell for a Chapter 93A claim." Rodi v. S. New England Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004). As the First Circuit has noted, "Massachusetts courts typically have allowed plaintiffs to amend in order to cure [certain kinds of] modest pleading defect[s]" and "[f]ederal practice is no less permissive. Id. Here, the court will not preclude this action where Plaintiffs attempted to comply with § 9(3)'s requirements but apparently failed due to a typographical error. See id. ("The view that the pleading of cases is a game in which every miscue should be fatal is antithetic to the spirit of the federal rules.").

Accordingly, the court hereby DENIES Defendant's Motion to Dismiss [#11] without prejudice and STAYS the case for sixty days to allow Plaintiffs the opportunity to amend their complaint after complying with § 9(3)'s requirements.

IT IS SO ORDERED.

Date: October 14, 2014            /s/ Indira Talwani
                                                              United States District Judge

---

[2] Defendant's receipt of a demand letter asserting the same claims from a different claimant does not satisfy § 9(3)'s requirements. Under Massachusetts law, "[i]f a proper demand is made by one plaintiff," then "[m]ultiple demands for relief need not be filed on behalf of all the members of the class." Baldassari v. Pub. Fin. Trust, 369 Mass. 33, 42 (1975), superseded on other grounds by statute as stated in Hershenow v. Enterprise Rent-A-Car Co., 840 N.E.2d 526, 532 (Mass. 2006). Here, however, the claimant that sent the demand letter that Defendant's did receive is not a class representative or named plaintiff in the present action. Accordingly, that letter does not serve the purpose of serving a demand letter, which extends beyond providing notice of claims, but "to facilitate the settlement and damage assessment aspects of [Chapter] 93A [claims]. See Entrialgo, 333 N.E.2d at 204.